# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-3255

KIRK R. MARTIN,

*Petitioner-Appellant,*

v.

JOHN DEUTH,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 00 C 399—**Allen Sharp**, *Judge.*

ARGUED MAY 21, 2002—DECIDED AUGUST 1, 2002

Before BAUER, COFFEY and RIPPLE, *Circuit Judges.*

RIPPLE, *Circuit Judge.* The Petitioner, Kirk Martin, was convicted on three separate occasions for various offenses involving reckless driving and driving while intoxicated. The sentence for his first conviction has expired. Mr. Martin has filed a habeas petition seeking relief from the sentence he currently is serving, but attacking the constitutionality of only his first conviction. The district court denied the petition. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

# I

# BACKGROUND

## A. Facts

### 1.

In April 1997, Mr. Martin was convicted in Indiana state court of reckless driving; we shall refer to this conviction as his "first conviction." He was sentenced to 180 days of incarceration (all but six days suspended) and one year of probation, and his driving privileges were suspended for 180 days. It is this conviction that he attacks as unconstitutional, claiming, among other things, that he was intoxicated during sentencing and that his guilty plea was therefore involuntary.

### 2.

In September 1997, Mr. Martin pleaded guilty to driving while intoxicated and driving with a suspended license, his "second conviction." For each of these offenses, the court sentenced him to one year of incarceration, 180 days of which were suspended, and probation for one year, and the court suspended his driving privileges for one year. He served 90 days of his sentence before he was released.

### 3.

In June 1998, Mr. Martin was found guilty of several offenses: (1) driving while intoxicated; (2) refusing to identify himself; (3) driving to the left of center; (4) driving with a suspended license; (5) driving while intoxicated, second offense; and (6) habitual substance offender; collectively, his "third conviction." The court sentenced Mr. Martin as follows: one and a half years of incarceration and the

suspension of his driving privileges for two years for the driving while intoxicated, second offense, count; five years of incarceration for the habitual substance offender count; and 60 days of imprisonment for the refusal to identify count; all sentences to run concurrently. The other counts were dismissed. The court also revoked the probation that Mr. Martin was serving under his second conviction and ordered the balance of his sentence for the second conviction to be served, the sentence to run consecutive to the sentence imposed for Mr. Martin's third conviction.

## B.  District Court Proceedings

In October 2000, while Mr. Martin was serving the sentence for his third conviction, he filed a petition for a writ of habeas corpus in the district court under 28 U.S.C. § 2254. In his petition, Mr. Martin challenges his first conviction as unconstitutional. The state filed a motion to dismiss on the basis that Mr. Martin was no longer "in custody" for purposes of § 2254 because the sentence for the conviction he challenged had expired. Mr. Martin filed a traverse in which he argued that he was "in custody" because his third conviction depended on his second conviction, which depended on his first conviction, which was unconstitutional.

The district court denied the petition. It ruled that Mr. Martin was not "in custody" because the sentence on his first conviction had expired and neither his second nor third convictions had been enhanced as a result of the first. The district court also ruled that, even if Mr. Martin was "in custody," his petition was untimely because it was filed more than one year after his first conviction became final.

Mr. Martin filed a notice of appeal in August 2001. The district court treated the notice of appeal as a certificate of

appealability and denied the certificate on the grounds that Mr. Martin had not made a sufficient showing of the denial of a constitutional right. In October 2001, this court granted the certificate of appealability.

## II

## DISCUSSION

The district courts have jurisdiction to hear state prisoner habeas petitions only from persons who are "in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a); *see Maleng v. Cook*, 490 U.S. 488, 490 (1989). The Supreme Court has interpreted the "in custody" language as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490. Significantly, a petitioner challenging a current sentence "as enhanced by [an] allegedly invalid prior conviction" satisfies the "in custody" requirement of § 2254 even though the sentence imposed for the prior conviction has expired. *See id.* at 493; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001) (applying *Maleng*).

Mr. Martin pointed out in his memorandum in support of his habeas petition that overturning his first, allegedly unconstitutional conviction would undermine as well his second conviction, the balance of the sentence for which he had yet to serve at the time he filed his petition.[1] Con-

---

[1]   Mr. Martin's second conviction included the charge of driving while suspended, and his license had been suspended as a result of the first conviction. The district court concluded that Mr. Martin's first conviction and resulting suspension had not "enhanced" the sentence he received for his second convic-

(continued...)

strued with the deference afforded pro se litigants, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that Court holds pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"), Mr. Martin's habeas petition can be read as attacking the sentence he received for his second conviction, which had not expired at the time he filed his petition. Moreover, Mr. Martin can be said to be "in custody" pursuant to his second sentence even though he had not yet begun to serve it. *See Maleng*, 490 U.S. at 493.

Even though Mr. Martin may be said to have been "in custody" at the time he filed his habeas petition, the relief he seeks is unavailable. As the Supreme Court held in *Coss*:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

---

[1] (...continued)
tion, because the sentence for driving while suspended (Count II of the second conviction) was to run concurrent with, and was equal to, the sentence for driving while intoxicated (Count I of the second conviction), "so vacating it would not affect his sentence." Br. of Appellant at App. 7. While vacating Mr. Martin's sentence for driving while suspended may not affect the total time he serves in jail, however, it certainly would affect his *sentence* for driving while suspended.

*Coss*, 432 U.S. at 403-04 (internal citation omitted). As in *Coss*, Mr. Martin is challenging his current sentence on the ground that a prior conviction was unconstitutional. The Court recognized an exception in *Coss* for habeas petitions that challenge an enhanced sentence "on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963)." *Coss*, 432 U.S. at 404. Mr. Martin has made no such claim here, however. Therefore, because, absent such an allegation, the relief he seeks is unavailable under *Coss*, we must affirm the judgment of the district court.

### Conclusion

Because Mr. Martin cannot collaterally attack his first conviction in its own right, he cannot challenge his subsequent sentences as enhanced by the first. We therefore affirm the judgment of the district court denying Mr. Martin's petition.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*