Jon CLARK, Petitioner—Appellant,

v.

A.A. LAMARQUE, Respondent— Appellee.

No. 02–16955.

D.C. No. CV–00–04080–CW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Nov. 10, 2003.

■■■■■■■■■

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Richard Such, Palo Alto, CA, for Petitioner–Appellant.

Martin S. Kaye, Pamela K. Critchfield, AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

### MEMORANDUM *

Jon Clark appeals the district court's denial of his petition for habeas corpus. We review the denial de novo,[1] see McNeil

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. De novo review is limited in this case by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Under AEDPA, a federal court cannot grant habeas corpus relief unless it finds that the state courts' adjudication of the defendant's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Lockyer v. Andrade, 538 U.S.

**524**

*v. Middleton,* 344 F.3d 988, 994 (9th Cir. 2003), and we affirm.

The conviction that is the subject of Clark's habeas petition occurred in 1997 and resulted in a sentence of 26 years to life under California's "three strikes" law. He contends that one of his strikes, a 1974 conviction after a guilty plea, was invalid. He also contends that his counsel in the 1997 proceedings rendered ineffective assistance by not challenging his 1974 conviction. Finally, he contends that his sentence violates the Eighth Amendment.

■ The Supreme Court's decision in *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), bars Clark's claim that his 1974 guilty plea was unconstitutionally obtained. A habeas petitioner may not challenge an enhanced sentence on the ground that a prior conviction was unconstitutionally obtained if that prior conviction is "no longer open to direct or collateral attack in its own right." *Id.* at 403. The only exception to this bar, which applies when a defendant's prior conviction was obtained in violation of his Sixth Amendment right to appointed counsel, is inapplicable here. *See id.* at 404; *Martin v. Deuth,* 298 F.3d 669, 672 (7th Cir.2002).[2] Clark's 1974 conviction is no longer subject to appeal or collateral attack, and accordingly cannot be challenged here.

■ Clark's counsel was not ineffective in the 1997 proceedings. A viable claim of ineffective assistance of counsel has two components: the defendant must show

that (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Clark has not met the first requirement, so we need not address the second. Even before *Lackawanna* was decided in 2001, Clark's attorney in 1997 had every reason to believe that a motion to strike Clark's 1974 conviction would have been futile because Clark had pursued a similar challenge to the 1974 conviction in 1985; his challenge was denied after a full evidentiary hearing. It was not objectively unreasonable for Clark's counsel to conclude that a second attack would be unsuccessful and that his defensive efforts would be better spent in other directions. Clark has thus failed to show deficiency in counsel's performance in failing to challenge the 1974 conviction.

■ Finally, Clark's sentence is not unconstitutional under the Eighth Amendment. Clark's sentence of twenty-six years to life for felony indecent exposure was not a grossly disproportionate sentence for a registered sex offender who had been convicted of five previous sexual offenses, including two felony convictions for child molestation. *See Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (plurality opinion); *Rummel v. Estelle,* 445 U.S. 263,

63, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003).

**2.** Three Justices in *Lackawanna* recognized two additional exceptions: (1) when a state court refuses, "without justification," to rule on a constitutional claim that has been properly presented to it and (2) when a defendant obtains "compelling evidence that he is actually innocent of the crime for which he was

convicted" after the time for direct or collateral review has expired that could not have been uncovered in a timely manner. 532 U.S. at 405 (plurality opinion). Because these additional exceptions were not agreed on by a majority of the Supreme Court, they do not now represent controlling law. In any event, Clark does not qualify for either exception.

100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (upholding an indeterminate life sentence with the possibility of parole in 12 years for the crime of obtaining $120.75, when the defendant had previous convictions for passing a forged check in the amount of $28.36 and fraudulently using a credit card to obtain $80).[3]

**AFFIRMED.**

---

**3.** Because the conviction and sentence that Clark challenges were entered prior to the Supreme Court's decisions in *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003), and *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), we test the state courts' rulings for consistency with earlier Supreme Court decisions. We note, however, that *Ewing* and *Andrade* are fully consistent with the result we reach.