# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20671

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2018

Lyle W. Cayce
Clerk

JAMES RUBIO,

      Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

Appeal from the United States District Court for the
Southern District of Texas
USDC No. 4:14-CV-01126

Before ELROD, HIGGINSON, and ENGELHARDT, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

James Rubio appeals the dismissal of his petition for habeas corpus for lack of jurisdiction. This court granted a certificate of appealability on the narrow question of whether Rubio was "in custody" under the challenged state court judgment. Because we hold that Rubio satisfies the custody requirement, we reverse.

## I.

Rubio is a Texas state prisoner. He is currently subject to two distinct state court judgments: a civil commitment order and a criminal conviction. In 2011, Rubio was adjudged a sexually violent predator under the Texas Health

No. 16-20671

and Safety Code and civilly committed for an indefinite period of time. *See* TEX. HEALTH & SAFETY CODE § 841.081. The commitment order required Rubio to reside in supervised housing, submit to GPS tracking, and comply with numerous other requirements. He later violated the conditions of the order and absconded from his residential facility. In 2013, Rubio was convicted of a state felony for failure to comply with sex offender registration requirements and sentenced to ten years imprisonment.

In his federal habeas petition, Rubio challenges only the 2011 civil commitment order. Rubio's petition notes that his civil commitment sentence is indefinite. The district court *sua sponte* dismissed the petition for lack of jurisdiction. The court reasoned that Rubio is currently imprisoned under the 2013 criminal judgment, not the 2011 civil commitment order, and is therefore not "in custody" under the judgment he is attempting to challenge. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a).

II.

We review *de novo* a district court's dismissal for lack of jurisdiction. *Flores-Garza v. I.N.S.*, 328 F.3d 797, 803 (5th Cir. 2003). A habeas petitioner may seek relief from a state court judgment only if he is "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (discussing 28 U.S.C. §§ 2241(c)(3), 2254(a)). This custody requirement can be satisfied by certain non-criminal judgments, including civil commitment orders. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); *Francois v. Henderson*, 850 F.2d 231, 232 (5th Cir. 1988). Texas does not dispute that an order of civil commitment under Section 841.081 of the Texas Health and Safety Code may be subject to habeas review. Rather, the State argues that Rubio was not in custody under the civil commitment order when he filed his habeas petition because he was, and still is, serving his criminal sentence.

No. 16-20671

Rubio contends that he is "in custody" under the civil commitment order because the order is indefinite and he is subject to a detainer to ensure that he returns to civil detention after the completion of his criminal sentence. He offers letters from Texas's civil commitment authority stating that the conditions of his civil commitment remain "in full force." Consistent with Rubio's representations, Texas law requires correctional facilities to notify the civil commitment office and the relevant case manager upon the release of a prisoner subject to a civil commitment order. *See* TEX. HEALTH & SAFETY CODE § 841.151(c). The State acknowledges that Rubio will return to custody under the civil commitment order after he completes his criminal sentence.

A prisoner serving consecutive sentences is considered to be "in custody" under all of his sentences. *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995); *Peyton v. Rowe*, 391 U.S. 54, 67 (1968). This principle applies even if the sentences were imposed by different authorities. *See Maleng*, 490 U.S. at 493 (holding that a federal prisoner subject to a state detainer was "in custody" on his future state sentences). We perceive no reason to treat a future civil commitment sentence differently from a future criminal sentence. The State's reliance on *Stanbridge v. Scott*, 791 F.3d 715 (7th Cir. 2015), is misplaced because that case involved a challenge to a past conviction for which the petitioner had already fully served his sentence.[1] *Id.* at 717. Rubio, by contrast, remains subject to the civil commitment order.

Because it is undisputed that Rubio will be civilly committed upon the completion of his criminal sentence, he was "in custody" under the civil commitment order when he filed his § 2254 petition. Accordingly, we

---

[1] The Eighth Circuit's decision in *George v. Black*, 732 F.2d 108 (8th Cir. 1984) is also inapposite because that case involved the voluntariness of a guilty plea, not whether a habeas petitioner was "in custody."

3

No. 16-20671

REVERSE and REMAND for the district court to consider his petition in the first instance.