**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2021[*]
Decided April 13, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1671

| | |
|---|---|
| ANTONIO BLANCHARD, *Petitioner-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 20 C 50015 |
| JOHN VARGA and KWAME RAOUL, *Respondents-Appellees*. | Philip G. Reinhard, *Judge*. |

**O R D E R**

Antonio Blanchard, an Illinois prisoner whose state conviction led to a federal parole violation warrant, filed this petition under 28 U.S.C. § 2241 challenging the U.S. Parole Commission's failure to conduct a prompt revocation hearing. The district court dismissed the petition for lack of subject matter jurisdiction, finding that Blanchard was not "in custody" of the Commission. We disagree on that point, but the case cannot

---

[*] The respondents were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

proceed because Blanchard named respondents with no control over his potential future custody. We therefore affirm the district court's dismissal of the petition without prejudice to Blanchard's ability to seek relief from the proper custodian.

Blanchard was convicted of armed robbery in the Superior Court of the District of Columbia in 1994, and after his prison sentence, he was released into the custody of the U.S. Parole Commission, which administers the District of Columbia's parole system. *Bailey v. Fulwood*, 793 F.3d 127, 130 (D.C. Cir. 2015). In 2009, while on parole, Blanchard was convicted of another armed robbery in Illinois, and as a result he is now incarcerated in the Dixon Correctional Center in Illinois and scheduled to begin supervised release in 2028. Because of the Illinois conviction, the Commission issued a parole violation warrant for Blanchard. The U.S. Marshals Service then filed a detainer with the Illinois Department of Corrections. The Commission has not yet executed the warrant or held a revocation hearing. Blanchard filed this habeas corpus petition arguing that he is entitled to a prompt revocation hearing. He named Dixon's warden and the Illinois Attorney General as the respondents.

The district court dismissed the petition for lack of subject matter jurisdiction under the habeas rule requiring dismissal when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, RULES GOVERNING SECTION 2254 CASES AND SECTION 2255 PROCEEDINGS; see *id*. Rule 1(b) (allowing application of Rules to any habeas petition). For a court to have jurisdiction over a habeas corpus petition, "the petitioner 'must be in custody *under the conviction or sentence under attack.*'" *Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)); see also 28 U.S.C. § 2241(c)(3). Because it found that Blanchard "is not in the custody of the U.S. Parole Commission" but that of the Illinois Department of Corrections, and "[h]is case does not challenge anything related to his custody," the court concluded it lacked jurisdiction.

We disagree with the conclusion that Blanchard is not in the Commission's custody for purposes of the challenge he raises. Under the Supreme Court's expanded definition of "custody" as used in 28 U.S.C. § 2241, a prisoner incarcerated in one jurisdiction may challenge a detainer lodged by another jurisdiction. *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 489 n.4, 498–99 (1973); see also *Maleng*, 490 U.S. at 493 (1989). So, although Blanchard is not currently under the Commission's supervision, the federal detainer places him in a form of custody sufficient to meet the jurisdictional requirement of 28 U.S.C. § 2241(c)(3). *Braden*, 410 U.S. at 498–99.

Nonetheless, dismissal of Blanchard's petition under Rule 4 was appropriate because he named the wrong respondents. See *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005) (identity of custodian is not jurisdictional). A habeas corpus petition challenging a form of custody other than immediate physical confinement should name not the present physical custodian but "the entity or person who exercises legal control with respect to the challenged 'custody.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004). Blanchard named his Illinois prison warden and the Illinois Attorney General, who have no authority related to his potential parole revocation. The warden is Blanchard's custodian only as it relates to his Illinois conviction and sentence (and the Attorney General has no form of custody over Blanchard). For purposes of the future restraint Blanchard seeks to challenge, the U.S. Parole Commission is the custodian. See *al-Marri v. Rumsfeld*, 360 F.3d 707, 711 (7th Cir. 2004) (explaining that prisoners "under penal obligation to two jurisdictions may seek collateral relief from both"). Because Blanchard failed to name an appropriate respondent, he was plainly not entitled to relief, and dismissal was proper. See *Kholyavskiy v. Achim*, 443 F.3d 946, 954 (7th Cir. 2006); see also *Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018). With this different reasoning noted, the dismissal of the petition without prejudice is AFFIRMED.