# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**STEPHEN R. MOELL**
Westland Kramer & Bennett, P.C.
Schererville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON TAYLOR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1310-CR-406 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-0309-FB-49

**April 24, 2014**

**OPINION - FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Jason Taylor pled guilty to a Class D felony and was sentenced to eighteen months all suspended to probation in August 2004. Under his plea agreement, he was permitted to petition the court to reduce his conviction to a Class A misdemeanor if he successfully completed his probation terms. After successfully completing eighteen months of probation, he petitioned the trial court, and it entered judgment as a Class A misdemeanor. In 2013 the Indiana legislature passed Indiana Code chapter 35-38-9, which allows convicted criminals to petition for expungement of previous crimes. Taylor appeals the denial of his petition for expungement under Indiana Code section 35-38-9-2. Although Taylor met all of the requirements in Indiana Code section 35-38-9-2(d), the trial court denied Taylor's petition for expungement. Indiana Code section 35-38-9-2 states that if all conditions of the statute are met, the trial court shall order the conviction expunged. Nonetheless, the trial court denied the expungement relying on former Indiana Code section 35-38-9-9(d), which required a trial court to consider a victim's statement before deciding on expungement. We determine that the word "shall" in Indiana Code section 35-38-9-2(d) is mandatory language requiring expungement. And such an interpretation does not render former Indiana Code section 35-38-9-9(d) meaningless because that section applied to other parts of the statute where the trial court does have discretion to deny a petition for expungement. Therefore, we reverse the trial court.

**Facts and Procedural History**

In August 2004 Taylor pled guilty to Class D felony sexual misconduct with a minor. In the plea agreement, Taylor agreed to a suspended sentence of eighteen months.

The plea agreement also allowed Taylor to petition for misdemeanor treatment if he successfully completed all of his probation terms. After being satisfactorily discharged from probation, Taylor petitioned the court to enter judgment on his conviction as a Class A misdemeanor. The trial court granted Taylor's petition and entered judgment as a Class A misdemeanor.

Effective July 1, 2013, the Indiana General Assembly enacted Public Law 159-2013, which codified a new chapter in Indiana Code Title 35, Article 38, entitled, "Chapter 9. Sealing and Expunging Conviction Records." P.L. 159-2013, Sec. 4. The new law allows a person convicted of a crime to have his record expunged. When Taylor filed his expungement petition, Indiana Code section 35-38-9-2 (Supp. 2013), which applies to misdemeanor convictions, provided:

> (a) This section applies only to a person convicted of a misdemeanor, including a Class D felony reduced to a misdemeanor.
>
> (b) Not earlier than five (5) years after the date of conviction (unless the prosecuting attorney consents in writing to an earlier period), the person convicted of the misdemeanor may petition the sentencing court to expunge conviction records contained in:
>     (1) a court's files;
>     (2) the files of the department of correction;
>     (3) the files of the bureau of motor vehicles; and
>     (4) the files of any other person who provided treatment or services to the petitioning person under a court order;
> that relate to the person's misdemeanor conviction.
>
> (c) A person who files a petition to expunge conviction records shall pay the filing fees required for filing a civil action, and the clerk shall distribute the fees as in the case of a civil action. A person who files a petition to expunge conviction records may not receive a waiver or reduction of fees upon a showing of indigency.
>
> (d) If the court finds by clear and convincing evidence that:

(1) the period required by this section has elapsed;

(2) no charges are pending against the person;

(3) the person does not have an existing or pending driver's license suspension;

(4) the person has successfully completed the person's sentence, including any term of supervised release, and satisfied all other obligations placed on the person as part of the sentence; and

(5) the person has not been convicted of a crime within the previous five (5) years;

the court *shall* order the conviction records described in subsection (b) expunged in accordance with section 6 of this chapter.

(emphasis added).

Based upon the new law, Taylor filed a petition to expunge his Class A misdemeanor conviction under Section 35-38-9-2. Appellant's App. p. 8-10. The State filed a response in which it agreed that Taylor met the requirements of Section 35-38-9-2 and was entitled to expungement. *Id.* at 18. The trial court held a hearing in which the victim of Taylor's sexual misconduct provided a statement. The trial court summarized the victim's statement as follows:

> She was 15 years old when the Defendant committed the crime against her. She is 25 years old now. She was quiet, serious and dignified. The court finds her credible. She said that she still suffers the effects of what the Defendant did. She believes that the punishment should fit the crime. She does not think it is right that the Defendant's crime should be expunged.

*Id.* at 7. When Taylor filed his petition, Indiana Code section 35-38-9-9(d) (Supp. 2013) provided, "[a] victim of the offense for which expungement is sought may submit an oral or written statement in support of or in opposition to the petition at the time of the hearing. The court shall consider the victim's statement before making its determination." [1]

---

[1] As explained later in this opinion, subsection (d) has since been amended, and the final sentence is no longer contained in the amended version.

Although Taylor's petition met all of the statutory requirements for seeking expungement under Section 35-38-9-2, the trial court denied expungement based upon the final sentence of Section 35-38-9-9(d). The trial court concluded that it had discretion to deny the petition even though Taylor met all of the requirements in Section 35-38-9-2 because Section 35-38-9-9(d) required the trial court to consider the victim's statement. To conclude otherwise, it reasoned, "would be to conclude that section 9 of the statute . . . has no legal purpose. This we cannot presume." *Id.* at 7.

Taylor now appeals.

**Discussion and Decision**

Taylor argues that the trial court erred in denying his petition for expungement because he met the statutory requirements under Section 35-38-9-2, which clearly and unambiguously require expungement when those requirements are met. The State responds that, while Section 35-38-9-2 may appear clear and unambiguous on its face, it is ambiguous when read in conjunction with Section 35-38-9-9(d), which at the time Taylor filed his petition required the court to consider the victim's statement before making its determination.

Interpretation of a statute is a question of law which we review de novo. *Dykstra v. City of Hammond*, 985 N.E.2d 1105, 1107 (Ind. Ct. App. 2013), *trans. denied*. We must first determine whether the statutory language is clear and unambiguous. *Id.* If it is, "we will not apply any rules of construction other than to require that words and phrases be given their plain, ordinary, and usual meanings." *Id.* However, if a statute is susceptible to multiple interpretations, it is deemed ambiguous and open to judicial construction. *Id.*

5

In interpreting the statute, "we will attempt to determine and give effect to the intent of the legislature, and to that end, we read provisions of a statute together so that no part is rendered meaningless if it can be harmonized with the remainder of the statute." *Id.*

> When faced with two conflicting statutory provisions, we seek first to harmonize the two. If the two statutes can be read in harmony with one another, we presume that the Legislature intended for them both to have effect. Statutes relating to the same general subject matter are in *pari materia* [on the same subject] and should be construed together so as to produce a harmonious statutory scheme.

*State v. Vankirk*, 955 N.E.2d 765, 767 (Ind. Ct. App. 2011) (quoting *Klotz v. Hoyt*, 900 N.E.2d 1, 5 (Ind. 2009) (internal quotations omitted)), *trans. denied.*

The interpretation of Section 35-38-9-2 is an issue of first impression. It is well settled that the use of the word "shall" is construed as "mandatory language creating a statutory right to a particular outcome after certain conditions are met." *Alden v. State*, 983 N.E.2d 186, 189 (Ind. Ct. App. 2013), *trans. denied.* In contrast, "[t]he word 'may' shows an intent by the legislature to give trial courts the discretion to grant or deny a petition, even if all the statutory requirements have been met . . . ." *Id.*

We agree with Taylor that Section 35-38-9-2(d) unambiguously requires expungement when all of the statutory requirements are satisfied. Section 35-38-9-2(d) states the trial court "shall order" the conviction records expunged when all statutory requirements are met. Had the legislature intended the expungement of conviction records under Section 35-38-9-2(d) to be discretionary, it would have used the word "may" instead of the word "shall."

Further evidence that the legislature intended the grant of expungement to be non-discretionary can be found by looking to other portions of Indiana Code chapter 35-38-9.

6

For example, when Taylor filed his petition, Indiana Code section 35-38-9-4(e) (Supp. 2013), which applies to felonies other than those specifically listed, stated that if the court finds that the statutory requirements are satisfied by clear and convincing evidence "the court *may* order the conviction records . . . marked as expunged . . . ." (emphasis added). The legislature's decision to use "may" instead of "shall" as it did in Section 35-38-9-4(e) indicated that it intended to give trial courts discretion not to grant expungement even when all of the statutory requirements were satisfied under that particular section.

The State responds by arguing that finding that the trial court does not have discretion over whether to grant expungement would render the statutory language in Section 35-38-9-9(d) meaningless. Former Section 35-38-9-9(d) stated that "[a] victim of the offense for which expungement is sought may submit an oral or written statement in support of or in opposition to the petition at the time of the hearing. The court shall consider the victim's statement before making its determination."

However, our decision does not render former Section 35-38-9-9(d) meaningless. Section 35-38-9-9(d) applied to all provisions in Chapter 9. Within Chapter 9, there were other statutory provisions that gave the trial court discretion in deciding whether to grant expungement. *See, e.g.*, Ind. Code § 35-38-9-4 (felonies not excluded under subsection (b)); Ind. Code § 35-38-9-5 (elected officials or persons convicted of a felony resulting in serious bodily injury to another person). Because Section 35-38-9-9(d) also applied to Sections 35-38-9-4 and 35-38-9-5, a trial court in those instances would have been required to consider a victim's statement before granting expungement. Therefore, our

7

interpretation does not render former Section 35-38-9-9(d) meaningless because it required victim's statements for discretionary expungements.

Further evidence of the legislative intent behind Indiana Code chapter 35-38-9 can be found by examining the recent changes made to it by the legislature in P.L. 181-2014.[2] Most notably, it amends Section 35-38-9-9(d) in the following way:

> (d) A victim of the offense for which expungement is sought may submit an oral or written statement in support of or in opposition to the petition at the time of the hearing. ~~The court shall consider the victim's statement before making its determination~~.

P.L. 181-2014. Effective March 26, 2014, even in instances where the trial court has discretion over whether to grant a petition for expungement, it is no longer required to consider the victim's statement before making its determination. We believe that this is further evidence that the legislature did not intend that a victim's statement given pursuant to former Section 35-38-9-9(d) could be used by a trial court to deny a petition for expungement under Section 35-38-9-2 when all of the requirements for the petition are met.[3]

---

[2] The amendments became effective March 26, 2014. While not directly applicable to this appeal, the amendments give us further information about the legislature's intent behind Chapter 35-38-9.

[3] The legislature also made significant changes to other portions of Chapter 35-38-9 to make it easier for petitioners to have their criminal records expunged. It changed Section 35-38-9-2 in the following ways:
- An expungement petition must now be filed in a circuit or superior court in the county of conviction instead of the sentencing court
- A petitioner is no longer required to complete his or her sentence, but instead must only pay all fines, fees, court costs, and restitution obligations
- Indigent petitioners are no longer required to pay filing fees before expunging conviction records
- Burden of proof is decreased from "clear and convincing evidence" to "preponderance of the evidence"
- An existing or pending driver's license suspension no longer precludes expungement
- Prosecutors can now agree to a shorter period without a conviction before a sentence may be expunged

We have long written on the stigma of criminal convictions:

> when an adult is convicted of a crime, the conviction is a stigma that follows him through life, creating many roadblocks to rehabilitation. In addition to the general stigma of being an "ex-con," or a felon, the conviction subjects him to being found a habitual criminal if he later commits additional felonies, and affects his credibility as a witness in future trials.

*E.H. v. State*, 764 N.E.2d 681, 684-85 (Ind. Ct. App. 2002) (quoting *Jordan v. State*, 512 N.E.2d 407, 409 (Ind. 1987), *reh'g denied*), *reh'g denied*, *trans. denied*. We believe this reality is precisely why the legislature enacted Chapter 35-38-9. The legislature intended to give individuals who have been convicted of certain crimes a second chance by not experiencing many of the stigmas associated with a criminal conviction—especially where an individual has completed the requirements established by the trial court and has since been a law-abiding citizen. Our interpretation of the statute in its current form supports this policy objective.

We conclude that Section 35-38-9-2(d) unambiguously requires expungement when all of its requirements are met. Furthermore, Section 35-38-9-2(d) can be construed harmoniously with former Section 35-38-9-9(d) because it applied to the entirety of Chapter 35-38-9. Because Taylor met all of the conditions precedent to expungement, the trial court did not have discretion to deny his petition for expungement under Section 35-38-9-2(d).

Reversed.

RILEY, J., and MAY, J., concur.

---

- More types of conviction records may now be expunged

*See* P.L. 181-2014. The amended law made similar changes to Sections 35-38-9-3 to -5.

9