**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**NICOLE A. BENNETT**
**STEPHEN R. MOELL**
Westland Kramer & Bennett, P.C.
Schererville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jul 30 2014, 9:51 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS J. WIATER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1403-MI-80 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1310-MI-8

**July 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Thomas Wiater filed a petition to expunge records of his class A misdemeanor battery conviction. After a hearing, the trial court denied the petition based on the victim's statements made at the hearing. Wiater contends, and the State properly concedes, that all of the statutory requirements for expungement were met and thus the trial court was obligated to grant the petition. Therefore, we reverse.

## Facts and Procedural History

In November 2000, Wiater pled guilty to class A misdemeanor battery. He successfully served one year of probation. In October 2013, he filed a petition for expungement of his conviction records pursuant to Indiana Code Section 35-38-9-2, which at that time read as follows:

> (a) This section applies only to a person convicted of a misdemeanor, including a Class D felony reduced to a misdemeanor.
>
> (b) Not earlier than five (5) years after the date of conviction (unless the prosecuting attorney consents in writing to an earlier period), the person convicted of the misdemeanor may petition the sentencing court to expunge conviction records contained in:
>
>> (1) a court's files;
>>
>> (2) the files of the department of correction;
>>
>> (3) the files of the bureau of motor vehicles; and
>>
>> (4) the files of any other person who provided treatment or services to the petitioning person under a court order; that relate to the person's misdemeanor conviction.
>
> (c) A person who files a petition to expunge conviction records shall pay the filing fees required for filing a civil action, and the clerk shall distribute the

2

fees as in the case of a civil action. A person who files a petition to expunge conviction records may not receive a waiver or reduction of fees upon a showing of indigency.

(d) If the court finds by clear and convincing evidence that:

(1) the period required by this section has elapsed;

(2) no charges are pending against the person;

(3) the person does not have an existing or pending driver's license suspension;

(4) the person has successfully completed the person's sentence, including any term of supervised release, and satisfied all other obligations placed on the person as part of the sentence; and

(5) the person has not been convicted of a crime within the previous five (5) years;

the court *shall* order the conviction records described in subsection (b) expunged in accordance with section 6 of this chapter.

(Emphasis added.)  The State filed a response in which it agreed that Wiater met the statutory requirements for expungement.

When Wiater filed his petition, Indiana Code Section 35-38-9-9(d) provided, "A victim of the offense for which expungement is sought may submit an oral or written statement in support of or in opposition to the petition at the time of the hearing.  The court shall consider the victim's statement before making its determination."  The trial court held a hearing on Wiater's petition in which the victim of the battery, Wiater's ex-wife, stated that she opposed the expungement.  The trial court issued an order denying Wiater's petition, finding the victim's testimony "persuasive."  Appellant's App. at 3.

Wiater now appeals.

3

## Discussion and Decision

Wiater argues that Section 35-38-9-2 is clear and unambiguous in requiring expungement when the statutory requirements are met. Wiater further contends that he met all of these requirements and that the trial court erred when it relied on the victim's statements in denying his petition. In response, the State concedes that Wiater met all of the statutory requirements under Section 35-38-9-2 and is entitled to expungement of his conviction records.

In a substantially similar case, we held that when all of the requirements under Section 35-38-9-2(d) are met, expungement is required. *Taylor v. State*, 7 N.E.3d 362, 367 (Ind. Ct. App. 2014). We also noted that Section 35-38-9-9(d), which requires a trial court to consider the victim's statement before making its determination for expungement, does not negate the mandatory language in Section 35-38-9-2(d). *Id* at 363. Because Wiater met all of the requirements for expungement, the trial court did not have discretion to deny his petition for expungement. Therefore, we reverse.

Reversed.

BAKER, J., and BARNES, J., concur.