

FILED

Aug 22 2016, 8:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paul J. Podlejski
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Larry R. Beedy, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 22, 2016 <br><br> Court of Appeals Case No. <br> 48A02-1510-CR-1703 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable David Happe, Judge <br><br> Trial Court Cause No. <br> 48C04-1501-FC-141 |

**Altice, Judge.**

## Case Summary

[1] Following a jury trial, Larry R. Beedy, Jr. was convicted of sexual misconduct with a minor, a Level 5 felony, and subsequently sentenced to six years, with three years executed in the Department of Correction, one year in community corrections, and two years suspended to probation. Beedy presents two issues

for our review, one of which we find dispositive: Was Beedy erroneously precluded from asserting the affirmative defense set forth in Ind. Code § 35-42-4-9(e)[1]?

[2] We reverse.

## Facts & Procedural History

[3] In 2013, Beedy, then seventeen years old, and A.W., then thirteen years old, were in a dating relationship and engaged in sexual activity. As a result of their conduct, on December 6, 2013, Beedy was adjudicated a delinquent for committing acts against A.W. of child molesting and child exploitation, criminal offenses if committed by an adult.[2] Sometime between August 1 and November 6, 2014, Beedy and A.W. had sexual intercourse and conceived a child.[3] During that timeframe, A.W. turned fifteen years old and Beedy was eighteen years old.[4]

---

[1] Provisions such as this are commonly referred to as Romeo and Juliet laws. *See, e.g.,* Danielle Flynn, *All the Kids Are Doing It: The Unconstitutionality of Enforcing Statutory Rape Laws Against Children and Teenagers* 47 New. Eng. L. Rev. 681, 687-90 (2013) (discussing age gap provisions and the so-called Romeo and Juliet laws).

[2] Beedy's child molesting adjudication resulted from his admission that he engaged in sexual intercourse with A.W. when A.W. was only thirteen years old. *See* I.C. § 35-42-4-3 ("[a] person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony"). Beedy's admission that he recorded sex acts between him and A.W. served as the basis for his child exploitation adjudication. *See* I.C. § 35-42-4-4 (defining child exploitation).

[3] This is the second child conceived between Beedy and A.W. The first child was born in February 2014.

[4] Beedy is exactly three years, nine months, and twelve days older than A.W.

[4] On January 30, 2015, the State charged Beedy with one count of sexual misconduct with a minor as a Level 5 felony.[5] Prior to trial, Beedy filed a motion to dismiss the charge based in part on the defense found in I.C. § 35-42-4-9(e). The State in turn filed a motion in limine seeking to preclude Beedy from raising the defense by alleging that he was disqualified due to his prior juvenile adjudications for sex offenses. The trial court held a hearing on the competing motions on June 15, 2015. After the parties presented their respective arguments, the trial court granted the State's motion in limine and denied Beedy's motion to dismiss.

[5] The parties appeared for a subsequent hearing on July 13, 2015. On that same day, Beedy filed a memorandum in support of his motion to dismiss as well as a motion to certify the court's ruling pertaining to the "Romeo and Juliet" defense for interlocutory appeal. After additional evidence and argument regarding the applicability of the defense, the trial court again denied Beedy's request for dismissal and also denied his motion to certify the matter for interlocutory appeal.

[6] A jury trial was held on September 2, 2015. Prior to the start of trial, Beedy renewed his motion to dismiss on the same grounds previously argued, and that motion was again denied. After the State rested, Beedy made an offer to prove

---

[5] I.C. § 35-42-4-9(a) ("A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to sexual intercourse or other sexual conduct . . . commits sexual misconduct with a minor, a Level 5 felony").

regarding the defense and moved for a directed verdict on the basis that the defense applied, which the trial court denied. Beedy also submitted proposed instructions setting forth the defense, and the trial court, in keeping with its prior rulings, refused to give the instructions. The jury ultimately found Beedy guilty of sexual misconduct with a minor, a Level 5 felony.[6] Beedy now appeals.

## Discussion & Decision

[7] As a matter of first impression, we must decide whether Beedy, who has a prior adjudication for a sex offense against the same victim, can assert the defense set forth in I.C. § 35-42-4-9(e). Subsection (e) provides:

> It is a defense to a prosecution [for sexual misconduct with a minor] if all the following apply:
>
> (1) The person is not more than four (4) years older than the victim.
>
> (2) The relationship between the person and the victim was a dating relationship or an ongoing personal

---

[6] After deliberating for a period of time, the jury was deadlocked and sent a note to the trial court with questions concerning whether Beedy had been misled that he could continue his sexual relationship with A.W. Over Beedy's objection, the trial court gave the jury an additional instruction that ignorance of the law is no excuse for criminal behavior. The jury returned to its deliberations and fifteen minutes later came back with a guilty verdict. On appeal, Beedy argues that the additional instruction amounted to an *Allen* charge, which refers to a supplemental instruction suggesting to a deadlocked jury that it should reach a certain verdict. *See Allen v. U.S.*, 164 U.S. 492 (1896); *Fuentes v. State*, 10 N.E.3d 68, 74 (Ind. Ct. App. 2014), *trans. denied*. We need not address this issue given our conclusion that Beedy was entitled to assert the affirmative defense found in I.C. § 35-42-4-9(e).

relationship. The term "ongoing personal relationship" does not include a family relationship.

(3) The crime:

(A) was not committed by a person who is at least twenty-one (21) years of age;

(B) was not committed by using or threatening the use of deadly force;

(C) was not committed while armed with a deadly weapon;

(D) did not result in serious bodily injury;

(E) was not facilitated by furnishing the victim, without the victim's knowledge, with a drug (as defined in IC 16-42-19-2(1)) or a controlled substance (as defined in IC 35-48-1-9) or knowing that the victim was furnished with the drug or controlled substance without the victim's knowledge; and

(F) was not committed by a person having a position of authority or substantial influence over the victim.

(4) The person has not committed another sex offense (as defined in IC 11-8-8-5.2) (including a delinquent act that would be a sex offense if committed by an adult) against *any other person*.

(Emphasis supplied).  Beedy asserts, and the State does not dispute, that each of these requirements is met in this case.[7]  The sole dispute is how the language "any other person" in subsection (e)(4) should be interpreted.[8]  With regard to subsection (e)(4), Beedy admits that he had been adjudicated a delinquent for sex offenses that involved A.W. as the victim.

[8]     Beedy argues that the "any other person" language in subsection (4) should be interpreted as referencing a person other than the victim of the pending sexual misconduct with a minor charge.  In other words, a previous sex offense committed against the same victim is excluded for purposes of determining applicability of the defense.  As applied herein, Beedy maintains that his prior adjudications for sex offenses would not preclude application of the defense because A.W. was the victim of the prior offenses and is the same victim identified for the current offense.  In contrast, the State argues that "any other person" should be interpreted to mean any person other than the defendant. The State's position is that it does not stand to reason that the legislature would afford Beedy a defense for the same conduct that resulted in his juvenile adjudications just because it involved the same victim.

---

[7] A.W. resided with Beedy and his family after her mother abandoned her.  Beedy was the only person with whom A.W. had ever had sexual intercourse.  A.W. testified that she and Beedy were in an ongoing, romantic relationship and that they desired to be married.  She further testified that Beedy never seduced, threatened, or coerced her in any way to engage in sexual intercourse with him, that Beedy never gave her illicit substances, and never forced himself upon her.  A.W. maintained that their sexual encounters were always consensual.

[8] There is no dispute about the language used in subsections (e)(1) through (e)(3).

[9] The trial court agreed with the State's interpretation:

> I don't think the defense is available because of the language contained in 35-42-4-9(e) 4. I'm happy to look at additional materials, counsel, of [sic] you're able to discover some additional materials on it, but I think frankly we're over thinking this a little bit. The "any other person" refers to any other person than the defendant in the court's eyes.

*Transcript* at 21. Indeed, the trial court believed that it was "not a close call" as to how the language should be interpreted. *Id*. at 22.

[10] Statutory interpretation presents a question of law that we review de novo. *Nicoson v. State*, 938 N.E.2d 660, 663 (Ind. 2010). When faced with a question of statutory interpretation, we first examine whether the language of the statute is clear and unambiguous. *City of Carmel v. Steele*, 865 N.E.2d 612, 618 (Ind. 2007). If it is, we need not apply any rules of construction other than to require that words and phrases be given their plain, ordinary, and usual meanings. *Id*. Where a statute is open to more than one interpretation, it is deemed ambiguous and subject to judicial construction. *Taylor v. State*, 7 N.E.3d 362, 365 (Ind. Ct. App. 2014). Our primary goal in interpreting a statute is to ascertain and give effect to the legislature's intent and the best evidence of that intent is the statute itself. *Nicoson*, 938 N.E.2d at 663. To that end, we read provisions of the statute together so that no part is rendered meaningless if it can be harmonized with the remainder of the statute. *Taylor*, 7 N.E.3d at 365. We presume that the legislature intended for the statutory language to be

applied in a logical manner in harmony with the statute's underlying policy and goals. *Brown v. State*, 912 N.E.2d 881, 894 (Ind. Ct. App. 2009), *trans. denied*.

[11]  Our reading of the statute leads us to conclude that the language "any other person" is unambiguous.[9] We, however, do not interpret this language as the trial court did or as the State urges. The trial court's interpretation that "any other person" means any person other than the defendant renders the phrase "any other person" absolutely meaningless. Indeed, it is illogical to interpret the language in that manner because the defendant cannot commit a sex crime against himself, thus there is no need for the additional language. To us, it is clear that when read in context, the plain language of I.C. § 35-42-4-9(e)(4) means that a prior sex offense against the same victim does not render the defense inapplicable. Through the language employed, the legislature has provided a defense for an individual who is in a dating or ongoing personal relationship with the victim, who is not more than four years older than the victim, who engages in consensual sexual conduct with the victim, and who does not have prior convictions/adjudications against a victim other than the victim in the instant case.

---

[9] By suggesting the General Assembly could have used different language to unambiguously express an intent to exclude sex offenses against the current victim, the dissent essentially finds the statutory language to be ambiguous. Where there is an ambiguity, the rule of lenity "requires that penal statutes be construed strictly against the State and any ambiguities resolved in favor of the accused." *Meredith v. State*, 906 N.E.2d 867, 872 (Ind. 2009). Thus, to the extent the dissent suggests the statutory language is ambiguous, the language must be construed in favor of Beedy.

Having determined that the statutory language is unambiguous, we need not address the State's various arguments construing the statute contrary to its plain meaning. Further, to the extent the State's arguments are based on policy considerations, this is not the proper forum. We therefore conclude that Beedy established his entitlement to the defense found in I.C. § 35-42-4-9(e), and consequently, his conviction cannot stand. We reverse and remand this cause with instructions to vacate Beedy's sexual misconduct with a minor conviction.

Judgment reversed and remanded with instructions.

Bailey, J., concurs.

Bradford, J., dissents with opinion.

ATTORNEY FOR APPELLANT

Paul J. Podlejski
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Larry R. Beedy, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 22, 2016 <br><br> Court of Appeals Case No. <br> 48A02-1510-CR-1703 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable David Happe, Judge <br><br> Trial Court Cause No. <br> 48C04-1501-FC-141 |

**Bradford, Judge, dissenting.**

[1] I respectfully disagree with the majority's conclusion that Beedy is entitled to raise a "Romeo and Juliet" defense in this case because the victim in his previous adjudications for child molesting and child exploitation happens to be the same child he was charged with victimizing in this case. Consequently, I respectfully dissent.

The sexual misconduct with a minor statute excludes anyone who has a prior sex offense "against any other person" from raising the Romeo and Juliet defense. Ind. Code § 35-42-4-9(e). The way the word "person" is used elsewhere in the statute leads to the conclusion that the General Assembly intended this to mean any person other than the perpetrator, not any person other than the victim. Throughout Indiana Code section 35-42-4-9, the word "person" is only ever used to describe the perpetrator, while the words "child" or "victim" are variously used to describe the victim. Had the General Assembly intended to exclude sex offenses against the current victim from the sex offenses barring the Romeo and Juliet defense, it could have very easily— and unambiguously—done so by using either "any other victim" or "any other child." It did not. Read together with the rest of section 35-42-4-9, the most reasonable interpretation is that the phrase "against any other person" means any person other than the perpetrator.

It is also difficult to escape the conclusion that the General Assembly could not have intended to give a sex offender a pass on a second offense simply because he happened to choose the same victim. I believe that the General Assembly created the Romeo and Juliet defense for situations where genuine love between consenting partners may be found to excuse behavior that would otherwise be criminal. Denying the Romeo and Juliet defense to a person, like Beedy, having a prior adjudication for a sex offense is a recognition that those who make a habit of having sex with underage girls are more likely to be predators and less likely to motivated by true love. Beedy has been adjudicated to have

committed child molesting, which means he had sex with a victim who was legally unable to consent. Beedy should have learned his lesson before, that even true love would not be an excuse to, in essence, recommit the same unlawful act. I can think of no reason why it should matter that it was the same child he was charged with victimizing here. Because I would conclude that the trial court did not err in denying Beedy the Romeo and Juliet defense and therefore affirm Beedy's conviction, I respectfully dissent.