## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2019, 5:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joe Duepner
Duepner Law LLC
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles Holmes,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

February 27, 2019

Court of Appeals Case No.
18A-XP-1316

Appeal from the Elkhart Superior Court

The Honorable Teresa L. Cataldo, Judge

Trial Court Cause No.
20D03-1801-XP-4

**Baker, Judge.**

Charles Holmes appeals the trial court's order denying his petition to expunge his Class A Misdemeanor Domestic Battery conviction and his Class D Felony Domestic Battery conviction. Finding that the trial court should have granted expungement of the misdemeanor conviction and finding no error with respect to the felony conviction, we affirm in part, reverse in part, and remand with instructions.

On January 10, 2006, Holmes was convicted of Class A misdemeanor domestic battery against his wife. In November 2006, Holmes committed domestic battery once again. This time, the State charged him with Class D felony domestic battery due to his prior battery conviction. On April 13, 2009, Holmes was convicted of Class D felony domestic battery.

On January 26, 2018, Holmes filed a petition to expunge his misdemeanor and felony domestic battery convictions pursuant to Indiana Code sections 35-38-9-2 and -3, respectively. The State objected to expungement of the felony conviction,[1] arguing that the statute under which he sought relief did not apply to convictions for felonies that resulted in bodily injury. Shortly thereafter, Holmes moved for summary judgment, proffering no other facts but asking for immediate relief. On February 8, 2018, the trial court entered an order denying expungement for both offenses. Holmes now appeals.

---

[1] The State did not object to expungement of the misdemeanor conviction.

We will reverse a lower court's ruling denying a petition to expunge only where the decision is clearly against the logic and effect of the facts and circumstances before it. *Cline v. State*, 61 N.E.3d 360, 362 (Ind. Ct. App. 2016). We review matters of statutory interpretation de novo because they present pure questions of law. *Nicoson v. State*, 938 N.E.2d 660, 663 (Ind. 2010).

First, regarding the denial of expungement for the felony conviction, Holmes's argument is unavailing. The 2006 version of the domestic battery statute says:

> (a) A person who knowingly or intentionally touches an individual who:
>
> > (1) is or was a spouse of the other person; . . .
>
> in a rude, insolent, or angry manner that *results in bodily injury to the person* . . . commits domestic battery, a Class A misdemeanor.
>
> (b) However, the offense under subsection (a) is a Class D felony if the person who committed the offense:
>
> > (1) has a previous, unrelated conviction:
> >
> > > (A) under this section . . . .

Ind. Code § 35-42-2-1.3 (2006) (emphasis added).

So, to convict Holmes of Class D felony domestic battery in 2006, the State had to prove all the elements of Class A misdemeanor domestic battery, including the element that the touching resulted in bodily injury to the victim. Plus, the defendant had to have a prior, unrelated domestic battery conviction on his record. Indiana Code section 35-38-9-3(b)(3) states that expungement of a Class

D felony conviction is not available for "[a] person convicted of a felony that resulted in bodily injury to another person." Though Holmes's charge was elevated from a misdemeanor to a felony because of his prior criminal history, the State was nonetheless required to prove that his actions resulted in bodily injury to another person, namely, his wife. As such, the trial court did not err in denying Holmes's petition to expunge the felony conviction because the expungement statute under which he seeks relief is not applicable.

[7] Second, regarding the denial of expungement for the misdemeanor conviction, the record does not indicate that the trial court examined this section of the petition pursuant to Indiana Code section 35-38-9-2. Rather, the trial court summarily denied expungement for the misdemeanor conviction without explanation.

[8] Indiana Code section 35-38-9-2 says in pertinent part:

> (c) Not earlier than five (5) years after the date of conviction . . . the person convicted of the misdemeanor may petition a court to expunge all conviction records *** that relate to the person's misdemeanor conviction.
>
> ***
>
> (e) If the court finds by a preponderance of the evidence that:
>
> > (1) the period required by this section has elapsed;
> > (2) no charges are pending against the person;
> > (3) the person has paid all fines, fees, and court costs, and satisfied any restitution obligation placed on the person as part of the sentence; and
> > (4) the person has not been convicted of a crime within the previous five (5) years . . .

the court *shall* order the conviction records described in subsection (c) expunged in accordance with section 6 of this chapter.

(Emphasis added.)

[9] We have previously held that this statute unambiguously mandates the trial court to expunge a misdemeanor conviction when all four requirements are met. *Taylor v. State*, 7 N.E.3d 362, 365-66 (Ind. Ct. App. 2014). The legislature clearly intended to make expungement non-discretionary in these instances because the statute uses the word "shall" rather than the word "may." *Id*. Accordingly, the trial court did not have discretion to deny Holmes's request to expunge this conviction if all requirements were met.

[10] Upon further review, we find that Holmes fulfilled all the necessary requirements for expungement of his misdemeanor conviction. More than five years have elapsed since the date of his misdemeanor conviction, no current charges are pending against him, he satisfied his sentencing obligation, and he has not been convicted of a crime in the past five years. Therefore, the trial court was required to expunge Holmes's misdemeanor conviction.

[11] The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions to expunge the misdemeanor conviction.

May, J., and Tavitas, J., concur.