FILED

Aug 27 2025, 9:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

J.K.,

*Appellant-Respondent*

v.

S.H.,

*Appellee-Petitioner*

---

August 27, 2025

Court of Appeals Case No.
25A-PO-173

Appeal from the Boone Superior Court

The Honorable Matthew C. Kincaid, Judge

Trial Court Cause No.
06D01-2402-PO-332

---

**Opinion by Judge Weissmann**
Judges Bailey and Brown concur.

**Weissmann, Judge.**

S.H. (Mother) sought an order of protection against J.K. (Father), her former romantic partner and the father of her youngest child. The trial court initially granted an ex parte order for protection but after conducting an evidentiary hearing, dismissed the order and denied Father's request for attorney fees. When Father later petitioned to expunge the ex parte protective order under the same case number, the court summarily denied his petition. Father appealed, challenging both the court's refusal to grant attorney fees in the protective order action and its denial of his expungement petition. Mother cross-appealed, challenging the trial court's denial of the protective order.

But neither party filed a timely notice of appeal as to the protective order judgment.[1] We therefore find they forfeited their appeals of the protective order judgment. They also offer no extraordinarily compelling reasons to reinstate their forfeited appeals. Accordingly, we dismiss Father's appeal and Mother's cross-appeal of the protective order judgment. As to the sole remaining claim on appeal—Father's timely appeal of the trial court's denial of his expungement petition—we affirm because Father's petition did not comply with the governing statute.

---

[1] Both Father and Mother are attorneys. Father represented himself during the trial proceedings, as well as on appeal. Although represented by trial counsel below, Mother proceeded pro se on appeal.

## Facts

Mother and Father are the unmarried parents of a six-year-old child (Child). After their volatile romantic relationship ended and their co-parenting became equally problematic, Mother petitioned for a protective order against Father, alleging he stalked her and engaged in a pattern of harassment against her. The trial court granted an ex parte order for protection, and Father later moved for summary judgment on Mother's protective order petition. Father's motion also sought an award of attorney fees based on his view that Mother's petition was frivolous and filed in bad faith. The trial court denied Father's motion as well as the motion to reconsider that Father filed afterward.

The trial court then conducted an evidentiary hearing on Mother's petition for protective order at which Mother presented hundreds of written communications that the parties had exchanged during the six months before the issuance of the ex parte order for protection. In these communications, Father was often profane as he repeatedly accused Mother of bad parenting, poor character, and undiagnosed mental illness. Father also repeatedly told Mother that he and Child would be better off without Mother in their lives. And he repeatedly turned discussions to his and Mother's prior romantic relationship despite Mother's requests in the communications that she and Father only discuss matters involving Child.

Within hours after the hearing, Father filed *Respondent's Verified Post-Hearing Motions*. In that filing, Father requested the trial court "excuse my ineffective counsel and the fact that I panicked during the hearing, and consider" various

matters that he "intended to raise today." App. Vol. VII, p. 9. These matters were his requests for: (1) the trial court to allow the parties to submit proposed findings of fact and conclusions of law; (2) a transcript and recording of the evidentiary hearing; (3) attorney fees, which he labeled a "renewed" request; and (4) reconsideration of the trial court's decision to exclude exhibits attached to his motion for summary judgment after Mother objected on hearsay grounds.

[6] On the same day as the evidentiary hearing—December 18, 2024—the court entered an "ORDER ON HEARING" dismissing the ex parte protective order and denying Mother's motion for a protective order. But the court stated in the judgment:

> It is further ordered that the same, this Order, does not constitute an unfettered license to communicate directly with [Mother] for though [Father] may offer communication to [Mother], whether it is responded to or even accepted is up to her.
>
> Communication should be limited to that necessary for the parties to complete their legal affairs and said communication with [Mother], on her election, may be by and through her counsel . . . or other such attorney as the case may be.

App. Vol. VII, p. 13. The trial court denied *Respondent's Verified Post-Hearing Motions* the next day (December 19, 2024).

[7] On December 24, 2024, Father petitioned to expunge the protective order. His petition alleged that the ex parte order for protection had been "materially and irrevocably harmful." *Id.* at 17. Father conceded in the petition that he did not attach, as required by the governing statute, certified copies of the ex parte

protective order and of the order denying the motion for protective order. Without a hearing, the trial court denied Father's motion for expungement on January 7, 2025.

[8] On January 21, 2025, Father filed a notice of appeal with this Court. In that document, Father specified that the judgments that he was appealing were the trial court's orders: (1) denying *Respondent's Verified Post-Hearing Motions*, which Father erroneously labeled as issued December 20, 2024, rather than December 19, 2024; and (2) denying his petition for expungement, which he erroneously labeled as issued January 8, 2025, rather than January 7, 2025.[2] Father's notice of appeal did not mention the trial court's December 18, 2024 judgment, which dismissed the ex parte order for protection and denied Mother's protective order petition. That judgment was entered on the chronological case summary more than 30 days before Father filed his notice of appeal.

[9] Mother did not file a notice of appeal. But she challenged the denial of her protective order petition by way of cross-appeal in her appellee's brief. Father sought dismissal of Mother's cross-appeal based on her failure to file a notice of appeal. A motions panel of this Court denied Father's request.

---

[2] Father relied on the dates the orders were electronically served rather than the dates they were entered on the chronological case summary.

## Discussion and Decision

Father raises two issues on appeal. First, he challenges on several grounds the trial court's denial of his request for attorney fees. Second, he claims the court was required both to set a hearing on his motion for expungement and to grant it. Mother, in addition to contesting Father's claims, contends in her cross-appeal that the trial court erred in denying her protective order petition.

We conclude that Father forfeited his appeal of the attorney fees ruling by failing to file a timely notice of appeal of the protective order judgment. And because no timely notice of appeal from that judgment was filed, Mother forfeited her cross-appeal of the trial court's denial of her protective order petition. The only non-forfeited issue on appeal is Father's challenge to the trial court's denial of his expungement petition. As to that issue, we affirm, finding the trial court properly denied Father's expungement petition without hearing because the petition did not comply with the applicable expungement statute.

## I. Father and Mother Forfeited Their Appeals of the Protective Order Judgment

Where, as here, no motion to correct error is filed, a party initiates an appeal from a final judgment by filing a notice of appeal "within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." Ind. Appellate Rule 9(A)(1). "A judgment is a final judgment if . . . it disposes of all claims as to all parties . . . ." Ind. Appellate Rule 2(H)(1). "Unless the

Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. 2." App. R. 9(A)(5).

[13] On December 18, 2024, the trial court signed its "ORDER ON HEARING" in which it dismissed the ex parte protective order and denied Mother's petition for protective order. This was a final judgment, as it disposed of all pending claims of the parties in this protective order action. *See* App. R. 2(H)(1). *Respondent's Verified Post-Hearing Motions*—which was not disposed of until the day after the protective order judgment—did not present new claims or otherwise prevent this protective order judgment from acting as a final judgment. *Respondent's Verified Post-Hearing Motions* was simply: (1) a request for a transcript and recording of the evidentiary hearing and to allow the parties to submit proposed findings; and (2) a motion for reconsideration of the trial court's earlier rulings denying Father's request for attorney fees and excluding the motion for summary judgment exhibits that Father introduced at the evidentiary hearing.

[14] The trial court had no obligation to even rule on any motion to reconsider. *See* Ind. Trial Rule 53.4(B) (specifying that a motion to reconsider not ruled upon within 5 days after filing is deemed denied). Even when a trial court chooses to rule on a motion to reconsider, this ruling does not extend the period for filing a notice of appeal. *See* T.R. 53.4(A) (providing that a motion to reconsider "shall not delay the trial or any proceedings in the case, or extend the time for any further required or permitted action, motion, or proceedings under these rules."). Thus, the deadline for the notice of appeal of the protective order

judgment was not extended by the trial court's denial of *Respondent's Verified Post-Hearing Motions. See, e.g., Snyder v. Snyder*, 62 N.E.3d 455, 458-59 (Ind. Ct. App. 2016) (citing Trial Rule 53.4(A) and Appellate Rule 9, ruling that "motions to reconsider do not toll the thirty-day timeframe within which a party wishing to undertake an appeal must do so"); *Citizens Indus. Grp. v. Heartland Gas Pipeline, LLC*, 856 N.E.2d 734, 737 (Ind. Ct. App. 2006) ("[I]n general civil practice a motion to reconsider does not toll the time period within which an appellant must file a notice of appeal.").

[15] To appeal the protective order judgment, Father was required to file a notice of appeal by Friday, January 17, 2025—that is, within 30 days after the protective order judgment was entered on the chronological case summary. *See* App. R. 9(A). Father did not file his notice of appeal until Tuesday, January 21, 2025—four days late. He therefore forfeited his right to appeal the protective order judgment, including his request for attorney fees in that proceeding.[3]

[16] If Father had filed a timely notice of appeal from the protective order judgment, Mother could have cross-appealed that judgment without filing a notice of appeal. *See* App. R. 9(D) ("An appellee may cross-appeal without filing a Notice of Appeal by raising cross-appeal issues in the appellee's brief."). But "[a] party must file a Notice of Appeal to preserve its right to appeal if no other

---

[3] Father's motion to dismiss Mother's cross-appeal made clear that he believed the 30-day clock for filing the notice of appeal first began ticking on December 20, 2024, when he received electronic service of the trial court's order denying *Respondent's Verified Post-Hearing Motions*.

party appeals." *Id.* Given Father's failure to file a timely notice of appeal as to the protective order judgment, Mother forfeited her appeal of that judgment by failing to file her own notice of appeal.

[17] "[T]he forfeiture of the right to appeal on timeliness grounds does not deprive the appellate court of jurisdiction to hear the appeal." *Cooper's Hawk Indpls., LLC v. Ray*, 162 N.E.3d 1097, 1098 (Ind. 2021). To reinstate a forfeited appeal, a litigant must show "extraordinarily compelling reasons why this forfeited right should be restored." *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). Neither Father nor Mother offers any extraordinarily compelling reasons why their forfeited appeals should be restored. Accordingly, we dismiss Father's appeal and Mother's cross-appeal insofar as they arise from the protective order judgment.

[18] But Father did not forfeit his entire appeal. The trial court's ruling on Father's requested expungement was separate from the trial court's protective order judgment and a final appealable order in its own right. *See* Ind. Code § 34-26-7.5-4(c) ("The grant or denial of a petition for expungement is a final appealable order."). Father noted in his notice of appeal that he was appealing the trial court's denial of his expungement petition, and his notice of appeal was filed less than 30 days after that expungement decision. As Father's notice of appeal from the expungement ruling was timely and Mother timely responded to that issue, we proceed to address their arguments on this issue.

## II. The Trial Court Did Not Err in Denying Father's Expungement Petition

[19] "At any time after a court dismisses or denies an order for protection following issuance of an order for protection ex parte [under Indiana Code chapter 34-26-5], the subject of the protection order may petition to expunge protection order records." Ind. Code § 34-26-7.5-3(a). The petition for expungement must be filed "with the court that issued or denied the protection order" and "in the cause the protection order was issued under." *Id.*

[20] The expungement petition also must include "[c]ertified copies of the following, if applicable: (A) [t]he order for protection[;] (B) [t]he order for protection ex parte[;] (C) [t]he order denying an order for protection[;] (D) [t]he opinion from the appellate court reversing or vacating an order for protection or an order for protection ex parte." Ind. Code § 34-26-7.5-3(b)(9). "Unless the petition is incomplete, or the petition conclusively indicates that the petitioner is not entitled to relief, the court shall . . . set the matter for hearing." Ind. Code § 34-26-7.5-4(a). And "[t]he court shall order the protection order records expunged if the petitioner proves by a preponderance of the evidence that the petitioner is entitled to relief." Ind. Code § 34-26-7.5-5.

[21] Father acknowledged in his expungement petition that he had not attached, as required by Indiana Code § 34-26-7.5-3(b)(9), the certified copies of either the ex parte order of protection or the "ORDER ON HEARING" that dismissed the ex parte order for protection and denied Mother's petition for protective

order. On appeal, he claims that he substantially complied with Indiana Code § 34-26-7.5-3(b)(9) by providing uncertified copies of the two orders.

[22] Father contends that substantial compliance is deemed sufficient in other areas of the law and that it should have been enough here to justify setting the expungement petition for hearing, at the least. He also argues, without citation to any authority, that strict compliance with Indiana Code § 34-26-7.5-3(b)(9) "would prevent many from being able to attain their expungements" and "would practically make it appear as if the law was never passed to begin with." Appellant's Br., p. 50. He concludes, again without citation to authority, that "it . . . cannot be the case that Boone County would require an out of state pro se litigant to request certified copies of the court's own orders . . . ." *Id.*

[23] Father has waived this claim by failing to provide cogent argument supported by citation to applicable authority. *See* Ind. Appellate Rule 46(A)(8)(a) (specifying that contentions in the appellant's brief be supported by cogent reasoning and citations to authorities or statutes). Waiver notwithstanding, Father's claims are unpersuasive.

[24] The interpretation of a statute is a question of law that we review de novo. *Taylor v. State*, 7 N.E.3d 362, 365 (Ind. Ct. App. 2014). We first determine whether the statutory language is clear and unambiguous. *Id.* If so, we simply "require that words and phrases be given their plain, ordinary, and usual meanings" and apply no other rules of construction. *Id.*

[25] Indiana appellate courts have not previously interpreted Indiana Code § 34-26-7.5-3(b)(9), but its language is clear and unambiguous. This statutory provision expressly requires that persons seeking expungement under Indiana Code chapter 34-26-7.5 attach to the expungement petition certified copies of certain listed orders. Ind. Code § 34-26-7.5-3(b)(9). All the orders specified in the statute are protective order records that are likely critical to the trial court's consideration of the expungement petition. *See id.*

[26] Thus, the plain language of these statutes requires that an expungement petition contain certified copies of the protective order rulings, although records of those same orders presumably would be in the files of the court in which the expungement petition was filed. *See* Ind. Code § 34-26-7.5-3(a) (specifying that petitions to expunge protective order records must be filed in the court that issued or denied the protective order). We are unpersuaded by Father's claims that these statutes authorized him to include uncertified copies of the orders or that he substantially complied with their mandates by doing so.[4]

[27] Father's omission of the certified copies rendered his expungement petition "incomplete" under Indiana Code § 34-26-7.5-4(a). Thus, the trial court was not obligated to set the petition for hearing or to grant it. Ind Code § 34-26-7.5-4.

---

[4] Additionally, Father exaggerates the burden imposed by these statutes. Father, an attorney in an adjoining state with a child residing in Boone County, need only have contacted the Boone County Clerk to obtain certified copies of orders issued by the courts there.

Accordingly, Father has failed to establish the trial court erred in denying his petition for expungement without hearing.

## Conclusion

[28] We dismiss Father's appeal and Mother's cross-appeal of the protective order judgment, and we affirm the trial court's order denying Father's expungement petition.

Bailey, J., and Brown, J., concur.

APPELLANT PRO SE
J.K.
Cleveland, Ohio

APPELLEE PRO SE
S.H.
Zionsville, Indiana